IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LOUIE BEAN, IV,**

      **Plaintiff,**

      **vs.**                                                       **Civ. No. 18-956 SCY**

**ANDREW SAUL,**
**Commissioner of Social Security,**[1]

      **Defendant.**

## ORDER GRANTING MOTION FOR ATTORNEY FEES[2]

**THIS MATTER** comes before the Court on Plaintiff's Motion For Order Authorizing Attorney Fees Pursuant To 42 U.S.C. § 406(B) And Supporting Memorandum, filed September 17, 2020. Doc. 28. The Commissioner indicates he is not a party to § 406(b) fee awards and generally takes no position on such petitions. Doc. 29; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, []he plays a part in the fee determination resembling that of a trustee for the claimants"). However, to the extent the Court requires a response, the Commissioner has no objection to the petition in this case. Doc. 29. Having considered the Motion and the relevant law, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

Louie Bean, IV instituted an action in this Court seeking judicial review of his denied

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Doc. 20. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).

disability claim. Doc. 1. Based on the parties' stipulation, Doc. 22, the Court reversed and remanded to the Social Security Administration for a rehearing, Doc. 23. Plaintiff subsequently filed an Unopposed Motion For Attorney Fees Pursuant To The Equal Access To Justice Act. Doc. 25. The Court awarded $4,750 in attorney fees, payable to Plaintiff but mailed to Plaintiff's counsel. Doc. 26.

On March 24, 2020, an Administrative Law Judge issued a final administrative decision, which was fully favorable to Mr. Bean. Doc. 28-1 at 1-7. The Agency approved the fee agreement between Mr. Bean and his attorney on the same day. *Id.* at 8-9. On July 5, the Agency sent a Notice of Award calculating Mr. Bean's past-due benefit amounts. *Id.* at 10-16. The Agency noted that it was withholding 25 percent of this amount, or $20,590.25, in order to pay for lawyer's fees. *Id.* at 13-14.

Mr. Bean's attorney, Michael Armstrong Law Office, LLC now seeks $14,590.25 in attorney fees pursuant to 42 U.S.C. § 406(b)(1), and argues that this amount is within the 25% of past-due benefits statutorily authorized for attorney fees for representation in court proceedings and justified by the time expended on this case, a reasonable hourly fee, and the risk of social security litigation in general. Doc. 28.

## **LEGAL STANDARD**

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the Agency and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation in the administrative proceedings, the statute permits an attorney to file a fee petition or a fee agreement with the agency "whenever the Commissioner . . . makes a

determination favorable to the claimant." 42 U.S.C. § 406(a).  Attorneys may currently receive a maximum award of the lesser of $6,000 or 25% of the past-due benefits. 42 U.S.C. § 406(a)(2)(A); *see Gisbrecht*, 535 U.S. at 794 (explaining the fee petition process).[3]

For representation in court proceedings, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Separate awards of attorney fees for representation before the Agency and in court—for example, fees pursuant to § 406(b) or the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412—are not limited to an aggregate of 25% of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). However, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id*. at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

---

[3] Although the statute initially set a maximum amount of $4,000, it also gave the Commissioner the authority to increase this amount. 42 U.S.C. § 406(a)(2)(A). Effective June 22, 2009, the Commissioner increased the maximum amount to $6,000. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009).

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id*. Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht,* 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## **REASONBLENESS DETERMINATION**

Counsel's fee request is reasonable. First, although counsel does not specifically address the issue of timeliness, the Court finds that counsel filed the fee request within a reasonable time.[4] There is no evidence that counsel delayed in the proceedings before this Court. Further, counsel's representation was more than adequate and yielded a fully favorable decision. Finally,

---

[4] The Notice of Award is dated July 5, 2020 and the present motion was filed a little over two months later, on September 17, 2020. Docs. 28 & 28-1 at 10; *see also Harbert v. Astrue*, No. 06-cv-90, 2010 WL 3238958, at *1 nn.1 & 4 (E.D. Okla. Aug. 16, 2010) (persuasively explaining why the "reasonable time to file" should run from the Notice of Award, rather than an ALJ's determination on a fee petition for work before the agency). Although the Court is able to make a finding of timeliness in this case, in future cases counsel should explicitly address the issue of timeliness whenever more than a month lapses between the Notice of Award and the § 406(b) motion. *See id.* at *1 n.4 ("While no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness.").

4

counsel's fee request is not disproportionately large in comparison to the amount of time spent on the case. Counsel represents he spent 25 hours on Mr. Bean's case in federal court, which translates into an hourly rate of $583.61. Docs. 28 at 4, 7 & 28-1 at 17.

This rate is much higher than the Court would normally award for hourly work. Counsel for Mr. Bean, however, represents that he does "no hourly work," Doc. 28-1 at 23 (Affidavit of Michael D. Armstrong), so there is no basis for comparison. Additionally, the Court is appreciative of the high risk involved in Social Security litigation for plaintiffs' counsel in general and recognizes that this award is in line with others authorized in this District under 406(b). *See Ferguson v. Barnhart*, No. 02-cv-823 KBM (D.N.M. May 31, 2006) (hourly rate of $516.60); *Valdez v. Barnhart*, No. 00-cv-1777 MV/LCS (D.N.M. Nov. 8, 2005) (hourly rate of $645.16); *Montes v. Barnhart*, No. 01-cv-578 BB/KBM (D.N.M. Dec. 3, 2004) (hourly rate of $701.75); *Valdez v. Saul*, No. 18-cv-444 CG (D.N.M. Sept. 17, 2019) (hourly rate of $787.00). Thus, my independent check finds the requested award to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED**. The Court hereby authorizes **$14,590.25** in attorney fees for legal services rendered in the United States District Court, payable to Michael Armstrong Law Office, LLC, to be paid from the claimant's past-due benefits. **IT IS FURTHER ORDERED** that counsel must refund to Plaintiff any EAJA fees that were not previously garnished under the Treasury Offset Program.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**